No. 4921.

(Court of Appeal, Parish of Orleans.)

## SAMUEL F. HEASLIP vs. NEW ORLEANS RAILWAY AND LIGHT CO.

Rouse, Grant & Grant for plaintiff and appellant.

Dart & Kernan for defendant and appellee.

GODCHAUX, J.—A collision occurred between a heavily-laden float belonging to plaintiff and a street car of the defendant company, which resulted in such injury to one of the four mules drawing the float that it was necessary to destroy it. This suit, for the recovery of

$265.00, its purported value, resulted in judgment in favor of the defendant, and plaintiff appealed.

The float was in N. Peters Street, going towards Canal Street, and using the uptown rails or tracks on the former street. The defendant's car was approaching it from Canal Street on the downtown rails; and, having stopped at Bienville Street, was proceeding on its way when plaintiff's float, having reached the corner of North Peters and Conti Streets, attempted to turn at this point for the purpose of going into Conti Street towards the river. To effect the turn it was necessary to drive the mules somewhat beyond the intersection proper, then to swing them in a sweeping semi-circle into Conti Street.

There is conflict of testimony as to the distance separating the car and float at that moment, plaintiff seeking to show that it was amply sufficient within which to have halted the car before reaching the float. It will serve no purpose to review the evidence. Suffice it to say that the evidence shows the motorman was watchful and promptly discovered the danger; as promptly exerted every effort to avoid the collision and that its occurrence was due to no fault of his. To this effect is the testimony of the passengers in the car, who all affirm that he could not, under the circumstances, have avoided the accident, and who unite in praising the promptitude and skill which he exhibited. The only witness to the occurence who positively asserts that the collision was caused by the negligence of the motorman, is the driver of the float; but that the preponderance of evidence leads to a contrary conclusion was apparently the opinion of the trial Court, as it is of this Court.

The judgment is accordingly affirmed.